**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| JOHN GERARD QUINN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 4:06cv120 |
| | § | |
| JOHN ROACH, individually and in his | § | |
| official capacity as Collin County District | § | |
| Attorney, GAIL LEYKO, MANUEL | § | |
| GONZALES, CURTIS HOWARD, KRISTI | § | |
| TYLER, and MICHELLE VOIRIN, | § | |
| individually and in their official capacities | § | |
| as Collin County Assistant District Attorneys, | § | |
| JOSE QUILES, and FIVE JOHN DOE | § | |
| DEFENDANTS, individually and in their | § | |
| official capacities as McKinney, Texas police | § | |
| officers, LAURIE HOUSTON and KATIE | § | |
| QUINN, individually, COLLIN COUNTY, | § | |
| TEXAS and THE CITY OF MCKINNEY, | § | |
| TEXAS, | § | |
| | § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION OF THE UNITED STATES
MAGISTRATE JUDGE GRANTING COLLIN COUNTY
DEFENDANTS' MOTION TO DISMISS**

On this day came on for consideration Collin County Defendants' Motion to Dismiss

[Dkt. No. 64].  Having considered the motion, Plaintiff's response, Defendants' reply and

Plaintiff's sur-reply, the Court is of the opinion the motion should be Granted.

Plaintiff John Quinn has filed this complaint against the Collin County District Attorney,

John Roach, and a number of assistant district attorneys, police officers, individual defendants,

and city and county organizations.  Plaintiff asserts jurisdiction under Title 28 United States

Code, Section 1331 and Title 42 United States Code, Section 1983.  This is in essence a divorce

and child custody case gone bad.  Plaintiff's pleadings are at best a rambling diatribe against all defendants in this case.  The Court will try to dissect what is really relevant from what is nothing more than a hostile attack on all defendants involved.

According to Plaintiff Quinn, Plaintiff and one of the defendants, Laurie Quinn Houston ("Houston"), divorced in 1991 after Plaintiff discovered she was having an extra-marital affair. Plaintiff was evidently awarded custody of the two minor children.  Plaintiff alleges that one of the minor children went to live, at some point in time, with Houston.  Plaintiff claims that Houston and his daughter were engaged in a questionable lifestyle.  Plaintiff states that he was not aware of this lifestyle and made contributions to his daughter's support.  Later on, Houston sued  for additional child support.  To avoid a fight, Plaintiff agreed to pay more money. At some point after the increase in child support, Plaintiff's financial circumstances changed and he and Houston went to mediation.  The parties apparently agreed to a reduction in the amount of child support.  During all this time, Plaintiff claims that his daughter was suffering from  mental problems and that she tried to commit suicide twice.

Plaintiff alleges that the "troubled minds" of his former wife and daughter concocted a scheme to either get more money from him or divert attention away from his daughter's troubles. His daughter allegedly informed her mother that Plaintiff had sexually molested her when she was 6 or 8 years old. Plaintiff claims that this was purely a fabrication. Houston seized on the opportunity and reported this to the authorities.

On or about July 14, 2004, Houston filed a complaint with the Denton County Child Protective Services alleging that Plaintiff had raped his daughter.  Denton County did not interview or contact Plaintiff concerning the charges.  He states that the affidavit of his daughter

was fraught with lies.  It appears that the Denton authorities did not proceed on the allegations.

Undaunted, Houston then went to the McKinney police and filed a formal complaint.  It appears

that the officer investigating this complaint was Defendant Quiles.  According to Plaintiff, Quiles

made no investigation of the reported complaint.  Plaintiff states that evidence even existed that

no assault had occurred and that this was known by Quiles.  Notwithstanding the complete lack

of credible evidence, Plaintiff states that a warrant was issued charging him with Aggravated

Sexual Assault.  Plaintiff claims that various members of the district attorney's office had to

review the affidavit and pass on its merits.  Further, Plaintiff complains that the affidavit does not

list any of the exculpatory evidence existing at the time.  In fact, Plaintiff states that the affidavit

of Quiles is perjured.

In September, the Denton County authorities dropped the investigation and supposedly

informed Quiles that they were unable to make a determination.  Plaintiff was eventually no-

billed, after a 15 month delay in getting this matter before a grand jury; and then only, after he

had successfully filed a writ of habeas corpus.

Defendants Roach, Gonzales, Howard, Leyko, Tyler, and Voirin have filed a Motion to

Dismiss under FRCP Rule 12(b)(6) [Dkt. 64].  The Court will refer to these defendants as the

"DA Defendants."

### Federal Rule of Civil Procedure 12(b)(6) Standard

When deciding a motion to dismiss under Rule 12(b)(6), the court must accept the

plaintiff's factual allegations as true and resolve doubts as to the sufficiency of the claim in the

plaintiff's favor. *Vulcan Materials Co. v. City of Tehuacana,* 238 F.3d 382, 387 (5th Cir. 2001).

Mere legal or constitutional are not sufficient. *Fee v. Herndon,* 900 F.2d 804, 807 (5th Cir. 1990) *cert. den.* 498 U.S. 908 (1990).

### Discussion

The gravamen of Plaintiff's complaint with these DA Defendants is that there was a 15 month delay from his arrest until the presentation of his case to the Grand Jury.   No constitutional rights were violated in this delay.   The Fifth Circuit has addressed this issue in other cases.   To show some prejudice resulting from delay , the indictment must be barred by the statute of limitations and there must be a showing of prejudice.   That prejudice must also be accompanied by a showing that the indictment or prosecution was delayed to gain a tactical advantage or for some other bad faith purpose.   *U.S. v. Crouch*, 84 F.3d 1497 (5th Cir. 1996).   In *Crouch,* the Court considered whether a seven-year delay was impermissible and found that it was not.   Here, Plaintiff was no-billed within the limitations period.   He states no claim for violation of his constitutional rights for the delay for which he complains.   Since he was no-billed Plaintiff cannot show that any delay, if it was improper, caused actual, substantial prejudice to his defense.   *U.S. v. Avants*, 367 F.3d 433 (5th Cir. 2004); *see also U.S. v. Jiminez*, 256 F.3d 330 (5th Cir. 2001) (finding that a 5 year pre-indictment delay did not violate defendant's due process rights).   Moreover, the DA Defendants, when sued in their official capacities, are state officials, not local officials, for purposes of liability arising out of their prosecutorial decisions and are therefore are entitled to 11th Amendment Immunity.   *Esteves v. Brock,* 106 F.3d 674 (5th Cir. 1997 ), *cert. denied* 522 U.S. 828 (1997).   As a result, the DA Defendants' motion to dismiss should be granted as to Plaintiff's claims asserted against them in their official capacities.

The DA Defendants also argue that they are entitled to qualified immunity from being sued in their individual capacities.  The Court agrees.  Qualified immunity shields government officials performing discretionary functions from individual liability for civil damages "insofar as their conduct does not violate clearly established rights of which a reasonable person would have known."  *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 2738, 73 L. Ed.2d 396 (1982); *Thompson v. Upshur County*, 245 F.3d 447, 456 (5th Cir. 2001).  Qualified immunity serves to ensure that before a government official can be subjected to suit in her individual capacity, she is on notice that her conduct is unlawful.  *Saucier v. Katz*, 533 U.S. 194, 206, 121 S. Ct. 2151, 2158, 150 L. Ed.2d 272 (2001).  Whether a government official is shielded from suit by qualified immunity is determined by a two-step analysis.  *Flores v. City of Palacios*, 381 F.3d 391, 395 (5th Cir. 2004); *see also McClendon v. City of Columbia* , 305 F.3d 314, 323 (5th Cir. 2002) (noting that when a defendant invokes qualified immunity, the burden is on the plaintiff to demonstrate the inapplicability of the defense).  First, the court must determine whether the plaintiff's allegations, if true, establish a constitutional violation.  *Hope v. Pelzer*, 536 U.S. 730, 736, 122 S. Ct. 2508, 2513, 153 L. Ed.2d 666 (2002).  And when qualified immunity is asserted, Plaintiffs are required to specifically plead the facts establishing the right to recover.  *Shultea v. Wood*, 47 F.3d 1427, 1430 (5th Cir. 1995).  Second, the court must determine whether a particular defendant's actions violated "clearly established statutory or constitutional rights of which a reasonable person would have known."  *Hope*, 536 U.S. at 739.

For a constitutional right to be clearly established, its contours "must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question

has previously been held unlawful, . . . but it is to say that in the light of pre-existing law the unlawfulness must be apparent." *Id.* (quoting *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S. Ct. 3034, 97 L. Ed. 2d 523 (1987)) (internal citation omitted).  As previously determined in this Report, Plaintiff has failed to allege facts that establish a constitutional violation, and DA Defendants are therefore protected by qualified immunity from being sued in their individual capacities.[1]  Accordingly, the individual claims against the DA Defendants should be dismissed for failure to state a claim.

The rest of Plaintiff's complaints center around the policies enacted or the failure to enact certain policies by the DA and his office.  First, Section 1983 does not create supervisory liability based on *respondeat superior* or any other theory of vicarious liability.  *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2003).  Therefore, any claims as to failure to properly train or supervise do not merit constitutional scrutiny.  Any complaint about Roach or the other DA Defendants individually for their acts personally in the course of prosecuting Plaintiff are barred by the doctrine of absolute immunity. *Cousin v. Small*, 325 F.3d 627,635 & n.11 (5th Cir. 2003). The Court does not agree with Plaintiff that such acts must occur at trial.  Therefore, Plaintiff's claims for failure to train or supervise should be dismissed.

As to the liability of the County, the Fifth Circuit has established clear guidelines on what constitutes an "official policy" under Section 1983 for the purposes of municipal liability:

---

[1]Plaintiff also argues that he has a Sixth Amendment claim because the pre-indictment delay violated his right to a speedy trial.  However, any pre-indictment delay does not give rise to a speedy trial claim; rather, it involves a due process claim.  *United States v. McDonald*, 456 U.S. 1, 7 (1982).  Further, Plaintiffs claim for Fourth Amendment violations does not involve the DA Defendants or Collin County.

> 1. A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or
> 2. A persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy .

*Bennett v. City of Slidell,* 735 F.2d 861, 862 (5th Cir.1984) (en banc) (per curiam), *cert. denied,* 472 U.S. 1016, 105 S.Ct. 3476, 87 L.Ed.2d 612 (1985).  *Accord Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force,* 379 F.3d 293, 309 (5th Cir.2004); *Cozzo v. Tangipahoa Parish Council-President Gov't,* 279 F.3d 273, 289 (5th Cir.2002).  The Court finds that Plaintiff has shown no such conduct that would subject the County to liability under Section 1983.

Plaintiff also seeks permanent injunctive relief against the DA Defendants and Collin County.  However, Plaintiff has failed to allege a likelihood of a future violation of his rights.  As a result, Plaintiff lacks standing to seek injunctive relief against DA Defendants and Collin County.   *See Armstrong v. Turner Industries, Inc.*, 141 F.3d 554, 563 (5th Cir. 1998) (determining that a party's failure to allege future injury precludes injunctive relief for lack of standing).  Accordingly, Plaintiff's claim for injunctive relief against the DA Defendants and Collin County should be dismissed.

## Conclusion

For the foregoing reasons, Collin County Defendants' Motion to Dismiss should be GRANTED, and Plaintiff's claims against Defendants John Roach, Gail Leyko, Manuel Gonzales, Curtis Howard, Kristi Tyler, Michelle Voirin and Collin County, Texas should be dismissed for failure to state a claim upon which relief can be granted.

## Recommendation

Based upon the foregoing, it is the Court's recommendation that Collin County Defendants' Motion to Dismiss should be [Dkt. No. 64] should be GRANTED.

Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge.  28 U.S.C.A.   § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice.  *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 7th day of March, 2007.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE