IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JOHN GERARD QUINN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 4:06cv120 |
| | § | |
| JOHN ROACH, individually and in his official capacity as Collin County District Attorney, GAIL LEYKO, MANUEL GONZALES, CURTIS HOWARD, KRISTI TYLER, and MICHELLE VOIRIN, individually and in their official capacities as Collin County Assistant District Attorneys, JOSE QUILES, and FIVE JOHN DOE DEFENDANTS, individually and in their official capacities as McKinney, Texas police officers, LAURIE HOUSTON and KATIE QUINN, individually, COLLIN COUNTY, TEXAS and THE CITY OF MCKINNEY, TEXAS, | § § § § § § § § § § § § § § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE
JUDGE DENYING DEFENDANT LAURIE HOUSTON AND
KATIE QUINN'S MOTION TO DISMISS AND
<u>REQUEST FOR SUMMARY JUDGMENT</u>**

On this day came on for consideration Defendants Laurie Houston ("Houston") and Katie Quinn's ("K. Quinn") Motion to Dismiss and Request for Summary Judgment [Dkt. No. 25]. Having considered the motion and Plaintiff John Quinn's response, the Court is of the opinion the motion should be Denied.

**Background**

As previously stated by the Court, Plaintiff John Quinn filed his complaint against Laurie Houston (Plaintiff's ex-wife), Katie Quinn (Plaintiff's daughter), the Collin County District

Attorney, John Roach, and a number of assistant district attorneys, police officers, and city and county organizations.  Plaintiff asserts jurisdiction under Title 28 United States Code, Section 1331, Title 42 United States Code, Section 1983 and supplemental jurisdiction over his state law claims under Title 28, United States Code, Section 1367.  This is, again, essentially a divorce and child custody case gone bad.  The Court will attempt to dissect the facts that are relevant to the present motion.

According to Plaintiff Quinn, Plaintiff and one of the defendants, Laurie Quinn Houston ("Houston"), divorced in 1991 after Plaintiff discovered she was having an extra-marital affair. Plaintiff was evidently awarded primary custody of the two minor children.  Plaintiff alleges that K. Quinn went to live with Houston in May of 2000.  Plaintiff claims that Houston and his daughter were engaged in a questionable lifestyle.  Plaintiff states that he was not aware of this lifestyle and made contributions to his daughter's support.  Later on, Houston sued for additional child support.  Plaintiff alleges that in order to avoid a fight, he agreed to pay more money. At some point after the increase in child support, Plaintiff's financial circumstances changed and he and Houston went to mediation.  The parties apparently agreed to a reduction in the amount of child support.  During all this time, Plaintiff claims that his daughter was suffering from mental problems and that she tried to commit suicide twice.

Plaintiff alleges that the "troubled minds" of his former wife and daughter concocted a scheme to either get more money from him or divert attention away from his daughter's troubles. His daughter allegedly informed her mother that Plaintiff had sexually molested her when she was 6 or 8 years old.  Plaintiff claims that this was purely a fabrication and that Houston seized on the opportunity and reported this to the authorities.

On or about July 14, 2004, Houston filed a complaint with the Denton County Child Protective Services alleging that Plaintiff had raped his daughter. Denton County did not interview or contact Plaintiff concerning the charges. He states that the affidavit of his daughter was fraught with lies. It appears that the Denton authorities did not proceed on the allegations. Houston then went to the McKinney police and filed a formal complaint. It appears that the officer investigating this complaint was Defendant Quiles. According to Plaintiff, Quiles made no investigation of the reported complaint. Plaintiff states that evidence even existed that no assault had occurred and that this was known by Quiles. Notwithstanding the complete lack of credible evidence, Plaintiff states that a warrant was issued charging him with Aggravated Sexual Assault. Plaintiff complains that the affidavit does not list any of the exculpatory evidence existing at the time. In fact, Plaintiff states that the affidavit of Quiles is perjured.

In September, the Denton County authorities dropped the investigation and supposedly informed Quiles that they were unable to make a determination. Plaintiff was eventually no-billed, after a 15 month delay in getting this matter before a grand jury, and then only after he had successfully filed a writ of habeas corpus.

Defendants Laurie Houston and Katie Quinn have filed a "Motion to Dismiss and Requesting Summary Judgment" [Dkt. No. 25].

## Discussion

### *Motion to Dismiss*

Defendants Houston and K. Quinn do not specify in their motion their basis for the requested dismissal of Plaintiff's claims against them. Rather, any motion simply refutes

Plaintiff's allegations. Because Defendants Houston and K. Quinn fail to argue or offer any legal basis for dismissal, Defendants' motion to dismiss should be denied.

*Motion for Summary Judgment*

The granting of summary judgment is proper if "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The trial court must resolve all reasonable doubts in favor of the party opposing the motion. *Casey Enters. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981) (citations omitted). The party seeking summary judgment carries the burden of demonstrating that there is no actual dispute as to any material fact in the case. This burden, however, does not require the moving party to produce evidence showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 106 S. Ct. 2548, 2554 (1986). The moving party satisfies its burden by "pointing out to the district court . . . that there is an absence of evidence to support the nonmoving party's case." *Id.*

Federal Rule of Civil Procedure 56 does not impose a duty on a district court to "sift through the record in search of evidence to support a party's opposition to summary judgment." *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 463 (5th Cir. 1996) (citations omitted). Once the moving party has satisfied its burden, the nonmovant must "set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e). Such nonmovant must also articulate the precise manner in which evidence he sets forth supports his claims. *See Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir. 1994) (citation omitted). Moreover, in designating specific facts, the nonmovant must "'go beyond the pleadings'" and use "'his own affidavits, . . . deposition[s], answers to

interrogatories, and admissions on file.'" *Jones v. Sheehan & Young Culp, P.C.*, 82 F.3d 1334, 1338 (5th Cir. 1996) (citation omitted).[1]

If the nonmovant fails to set forth specific facts in support of allegations essential to that party's claim and on which that party will bear the burden of proof, then summary judgment is appropriate. *Celotex*, 106 S. Ct. at 2552-53. Even if the nonmovant brings forth evidence in support of its allegations, summary judgment will be appropriate unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.*, 106 S. Ct. 2505, 2511 (1986) (citations omitted). In this case, the parties submitted their cross-motions for summary judgment on stipulated facts. Neither party contends that fact issues exist, which would preclude summary judgment.

Defendants Houston and K. Quinn fail to argue that no genuine issue of material fact exists in this case. Rather, they simply argue that each of Plaintiff's factual allegations is wrong and that their version of events is right. Clearly, all Defendants do is present fact issues in this case. Accordingly, summary judgment is not appropriate and Defendants' motion for summary judgment should be Denied.

## Recommendation

For the foregoing reasons, Defendants' Motion to Dismiss and Request for Summary Judgment [Dkt. No. 25] should be Denied

---

[1] The Court also notes that Local Rule CV-56(b) states that a party's response to a summary judgment motion should "be supported by appropriate citations to proper summary judgment evidence. . . ." Local Rule CV-56(c) further states that the Court will not "scour the record in an attempt to determine whether the record contains an undesignated genuine issue of material fact for trial before entering summary judgment."

Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 7th day of March, 2007.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE